**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARLENE COVINGTON, et al., | Case No. SA CV 12-1258 FMO (ANx) |
| Plaintiffs, | |
| v. | **ORDER Re: FURTHER PROCEEDINGS and PROTECTIVE ORDER** |
| JIM CURTIS, an individual, et al., | |
| Defendants. | |

Pursuant to the status conference held on April 11, 2013, and the court's review of the file, the court concludes as follows. First, it appears that the parties have apparently been unable to cooperate in scheduling and conducting a settlement conference. Accordingly, the court will set the settlement conference for the parties.

Second, there appears to be some issue as to whether defendant Gene Lucchesi's ("Lucchesi") health prevents him from being deposed in this matter. When parties seek to be excused from attending court and/or other legal-related proceedings for medical reasons, the proper vehicle to obtain such relief is to file a motion or application supported by declarations and other relevant evidence. A letter from a doctor is insufficient; a party and his or her medical providers are obligated to provide detailed declarations as to why the person cannot participate in the proceeding. "[T]he Court may not abdicate its responsibility by unquestionably accepting

a doctor's summary opinions. The opposing party has a right for itself and on behalf of the Court to examine the matter in more detail." Medlin v. Andrew, 113 F.R.D., 650, 653 (M.D.N.C. 1987); see also Deines v. Vermeer Mfg. Co., 133 F.R.D. 46, 49-50 (D. Kan. 1990) (court denied a motion for protective order based on a statement from a doctor claiming that the deponent could not recall the past as accurately as he would like and that this would frustrate him and make him anxious); Haviland & Co. v. Montgomery Ward & Co., 31 F.R.D. 578, 579-80 (S.D.N.Y. 1962) (court ordered that a deposition proceed despite a doctor's affidavit that the proposed witness had a heart condition that prevented the witness from making an appearance). Under the circumstances here, the court will set Lucchesi's deposition which will not go forward if Lucchesi provides the necessary medical information set forth below.

Finally, it appears from the court's review of the docket that defendant Jim Curtis ("Curtis") has not filed an answer in this case. Accordingly, the court will dismiss Curtis from the action for failure to prosecute if plaintiff does not file a request for entry of default by the deadline set forth below.

Based on the foregoing, IT IS ORDERED as follows:

1. The parties and their trial counsel shall appear for the Settlement Conference on **May 17, 2013, at 1:30 p.m.,** before United States Magistrate Judge Suzanne Segal in Courtroom 23 of the United States Courthouse, 312 North Spring Street, 9th Floor, Los Angeles, California.

2. Counsel who will try the case must be present. In addition, the person with full settlement authority shall be present at the conference.[1] This requirement means that the physical presence of each party or, if a corporate or governmental entity, of an authorized and knowledgeable representative of the entity, is required. Plaintiffs' representative(s) must have full and final authority, in the representatives' discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to defendant's last offer made prior to the Settlement Conference. Defendants' representative must

---

[1] This means that Local Rule 16-15.5(b) relating to appearance by parties residing outside the District does not apply (except to the United States or any of its agencies), i.e., all parties, including those residing outside the District, must appear in person.

have final settlement authority to commit the defendant to pay, <u>in the representative's discretion</u>, a settlement amount recommended by the settlement judge up to plaintiff's prayer (excluding punitive damage prayers), or up to plaintiff's last demand made prior to the Settlement Conference, whichever is <u>lower</u>. The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

3. Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) may result in sanctions being imposed and/or the cancellation of the settlement conference. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

4. Counsel and the parties shall strictly comply with all orders issued by Judge Segal regarding the settlement conference.

5. Unless otherwise agreed to by the parties, defendant Lucchesi shall appear for his deposition on **Thursday, May 2, 2012, at 10:00 a.m.**, at the offices of plaintiffs' counsel. The deposition, which may be videotaped, shall begin no later than **10:00 a.m.** Any agreement to reschedule the deposition from the date and time set forth in this Order must be in writing and comply with Rule 29 of the Federal Rules of Civil Procedure. Otherwise, the court will not recognize any agreement between the parties relating to Lucchesi's deposition.

6. With respect to the conduct of the subject deposition as well as other depositions in this case, counsel for the parties shall abide by the following. Any objection to a deposition question must be stated concisely and in a nonargumentative and nonsuggestive manner. <u>See</u> Fed. R. Civ. P. 30(c)(2). Counsel shall state objections on the record and then permit the witness to answer the question. <u>Eggleston v. Chicago Journeymen Plumbers</u>, 657 F.2d 890, 902 (7th Cir. 1981), <u>cert. denied</u>, 455 U.S. 1017 (1982). Counsel shall refrain from instructing the deponent not to answer questions during a deposition.[2] Under Rule 30(c)(2) of the Federal Rules of Civil Procedure, counsel "may instruct a deponent not to answer only when necessary to preserve a

---

[2] An attorney may not instruct a witness not to answer a question on the ground that it has been asked and answered, is vague and ambiguous or is irrelevant. Unless necessary to preserve a federal privilege, a witness may not consult his or her attorney while a question is pending.

1  privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."
2  Fed. R. Civ. P. 30(c)(2)[3] provides the "exclusive grounds for instructing a deponent not to answer."
3  Shapiro v. Paul Revere Life Ins. Co., 1997 WL 601430, at *1 (N.D. Cal. 1997); Detoy v. City and
4  Cnty. of San Francisco, 196 F.R.D. 362, 367 (N.D. Cal. 2000) (counsel "shall refrain from
5  instructing a witness not answer, except as provided in Rule 30[(c)(2)]").

      7.     In the event Lucchesi still contends that his medical condition prevents him from being deposed or otherwise participating in this case, then Lucchesi shall do the following:

         A. No later than **Monday, April 15, 2013**, Lucchesi shall provide plaintiffs' counsel with the name(s) and address(es) of his doctor(s) and a release so that the relevant medical records may be provided to plaintiffs' counsel.

         B. No later than **April 23, 2013**, Lucchesi shall provide a declaration, under penalty of perjury, from each of his doctors describing in detail Lucchesi's condition and why it prevents him from participating in this case.

      8.     After reviewing the medical records and the declaration(s) from Lucchesi's doctor(s), plaintiffs' counsel shall, no later than **April 29, 2013**, either (A) excuse Lucchesi from being deposed; or (B) serve a deposition subpoena on Lucchesi's doctor(s). If the parties still dispute whether Lucchesi is capable of being deposed after the deposition(s) of Lucchesi's doctors, then the parties shall bring the discovery dispute before the assigned Magistrate Judge in the form of a cross-motion to compel and motion for protective order. Counsel shall strictly comply with Local Rule 37 in preparing their discovery papers.

      9.     This Order constitutes a Protective Order for the information ordered produced in paragraph 7 above. Other than the parties, their attorneys and staff, and the court, the above-referenced information may not be disclosed to any other person or entity.

      10.    Plaintiffs' counsel shall file an application for entry of default with respect to defendant Curtis pursuant to Fed. R. Civ. P. 55(a) no later than **April 19, 2013**. Failure to file the

---

[3] Effective December 1, 2007, as part of the general restyling of the Federal Rules of Civil Procedure, Rule 30(d)(1) was integrated into Rule 30(c)(2).

application for entry of default by the deadline set forth above shall result in defendant Curtis being dismissed without prejudice.

11.  The failure of any party or attorney to comply with the requirements of this Order, the Local Rules and Federal Rules of Civil Procedure may result in sanctions being imposed.

Dated this 12th day of April, 2013.

                                            /s/
                              Fernando M. Olguin
                        United States Magistrate Judge